IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THE CHOWNS GROUP, LLC                          :
2053 Cressman Road, PO Box 697                 :
Skippack, PA 19474, in the name of the         :
UNITED STATES GOVERNMENT pursuant to           :
the False Claims Act, 31 U.S.C. § 3729, et seq. :
                                               :
                                Plaintiff      :        Civil Action – Law
                          v.                   :
                                               :        No.  1:22 cv 642
JOHN C. GRIMBERG CO., INC.                     :
3200 Tower Oaks Boulevard, Suite 300           :
Rockville, MD 20852-4216                       :        JURY TRIAL DEMANDED
                                               :
STEVEN J. GRIMBERG                             :
3200 Tower Oaks Boulevard, Suite 300           :        **FILED**
Rockville, MD 20852-4216                       :        **SCRANTON**
                                               :
HENRY DANFORTH                                 :        MAY 2 2022
3200 Tower Oaks Boulevard, Suite 300           :
Rockville, MD 20852-4216                       :        PER_____
                                               :             DEPUTY CLERK
JAMES L. GRAHAM                                :
3200 Tower Oaks Boulevard, Suite 300           :
Rockville, MD 20852-4216                       :
and                                            :
                                               :
JERRY ELMORE                                   :
3200 Tower Oaks Boulevard, Suite 300           :
Rockville, MD 20852-4216                       :
                                               :
                                Defendants     :

1

## COMPLAINT

Qui tam Relator and Plaintiff, The Chowns Group, LLC, in the name of the United States Government pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq., by and through its undersigned counsel, Mandracchia Law, LLC., hereby brings the following Complaint against Defendant, John C. Grimberg Co., Inc., and in support thereof, avers the following:

## PRELIMINARY STATEMENT

1.      Qui tam relator and Plaintiff The Chowns Group LLC ("Chowns Group LLC"), by its attorneys, on behalf of the United States of America, files this complaint against John C. Grimberg Co., Inc. ("Grimberg Co.") to recover damages, penalties, and attornes' fees for violations of the False Claims Act, 31 U.S.C. Sections 3729 et seq. ("FCA") committed by the Defendants.

2.      In or about 2018, Grimberg Co. contracted with the United States Government to build the Quantico MS/HS project (the "Quantico Project"). The project will replace the existing high and middle schools in Quantico, Virginia.

3.      The value of the contract is multiple millions of dollars and is funded through funds from the federal government.

4,      Naval Facilities Eng. Command ("NAVFAC") is providing the majority of the funding for this project and is overseeing its construction.

5.     Defendants are violating the False Claims Act in at least two ways. First, Defendants are intentionally building, constructing and using materials that do not meet contract specifications for, among other things, structural integrity and blast proof design and are failing to comply with the required plans and contract specifications.

6.     Second, Defendants are either not performing the required quality assurance reviews or, in cases where the reviews are actually performed, are falsifying information in an effort to hide the fact that their work is deficient. Defendants are then providing this false documentation to the government to support their claims for payment.

7.     Defendants' fraudulent conduct is ongoing through the present.

## **PARTIES**

8.     Relator and Plaintiff is The Chowns Group, LLC ("Chowns Group LLC"), a Pennsylvania limited liability company with an address at 2053 Cressman Road, PO Box 697, Skippack, PA 19474, in the name of the United States Government, pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq.

9.     Chowns Group LLC specializes in steel fabrication used in the construction industry.

10.     Chowns Group LLC is a subcontractor of Grimberg Co. contracted to supply the steel for the Quantico Project.

3

11.     Defendant John C. Grimberg Co., Inc. ("Grimberg Co."), is a construction company and corporation authorized to do business in Pennsylvania, with a principal place of business at 3200 Tower Oaks Boulevard, Suite 300, Rockville, MD 20852-4216.

12.     Defendants Steven J. Grimberg, Henry Danforth, James L. Graham, Jerry Elmore are, and at all times relevant to the subject matter of this Complaint were officers and/or authorized representatives of Grimberg Co.

13.     Grimberg Co.'s annual revenues are approximately $115,000,000.

14.     Steven Grimberg is the President and owner of Grimberg Co.

15.     Henry Danforth is general counsel of Grimberg Co.

16.     James Graham is senior vice president of Grimberg Co.

17.     Jerry Elmore is project manager of Grimberg Co.

**JURISDICTION AND VENUE**

18.     The Court has jurisdiction over this matter based on federal question jurisdiction pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732.  This Court has supplemental jurisdiction over Plaintiff's pendent state law claims.

19.     Venue is proper in this District pursuant to 28 U.S.C. §1391 and 31 U.S.C. §3732, as defendant Grimberg Co. has transacted business in this District, and also is deemed to reside in this District as it is a corporation whose contacts within the District are sufficient to subject it to personal jurisdiction. Grimberg Co.

has transacted business in this District, including contracting with the United States

Government and engaging in construction projects in this District, per its website.

Additionally, Grimberg has contracted and conducted business with Chowns

Group LLC which is located in Montgomery County in the Eastern District of

Pennsylvania, including negotiations and meetings regarding the subject

construction project with Chowns Group LLC at its location and making

inspections of the steel for the subject project at Chowns Group LLC's location..

Further, the individual Defendants conspired, directed and/or otherwise

participated in or with Grimberg Co. with regard to its actionable conduct in

violation of the False Claims Act.

## **FACTS**

20.    Chowns Group LLC entered into a Subcontract Agreement (the

"Subcontract") dated January 12, 2018, Subcontract No. 879-7-0505, with Grimberg

Co. [A copy of the Subcontract is attached hereto as Exhibit 1.]

21.    Grimberg Co. was the prime contractor on a public construction project

referenced as P021 Middle School/High School Replacement (the "Quantico

Project"), Contract No. N4008018C0006, located at Marine Corps Base Quantico

Virginia.

22.    Grimberg Co. was founded in 1951 by John Grimberg. Steven Grimberg is the current owner and president. Grimberg Co. is based in Rockville, Maryland.

23.    Grimberg Co. contracted with United States government to build the new Quantico Middle School/High School, the Quantico Project.

24.    Grimberg Co. subcontracted with Chowns Group LLC to provide steel for the Quantico Project.

25. Chowns Group LLC began supplying steel for the Quantico Project in or about September 2019.

26.    Pursuant to the Subcontract, Chowns Group LLC provided labor and materials to Grimberg Co. for the structural steel work on the Quantico Project, which was owned by Naval Facilities (NAVFAC) Eng. Command Washington, a part of the United States Government.

27.    The Quantico Project consists of 65,000 square feet of new construction on property located across the street from the existing school building on the Marine Corps Base in Quantico, Virginia.

28.    Chowns Group LLC performed its structural steel work and supplied labor and materials as a subcontractor which was incorporated into the Quantico Project, for the use and benefit of Grimberg Co. and of the owner.

29.    Chowns Group LLC performed in accordance with the Subcontract and met all of its legal and contractual obligations.

30.    Preconstruction activities began in 2018.

31.    The construction of the Quantico Project was initially delayed due to soil conditions at the site unrelated to Chowns Group LLC which were discovered in or about the end of 2018.

32.    Construction of the Quantico Project was delayed a second time as a result of the discovery of leaking underground fuel storage tanks located on the site and unrelated to Chowns Group LLC.

33.    Chowns Group LLC delivered multiple loads of steel to the Project site, a number of which remained on the trailers for approximately twelve months because of Grimberg Co.'s delays in its schedule and in the foundation walls on which the steel was to be erected.

34.    Grimberg Co. would not let Chowns Group LLC unload such trailers with the steel at the Project site, and Chowns Group LLC therefore also had to pay for storage of the delivered steel.

35.    Also, Chowns Group LLC was ready to make deliveries of steel to the Project site but was turned away by Grimberg Co. on multiple occasions

7

36.    The Subcontract provided for completion of construction of the school for the Project on January 11, 2020, with completion of the ball field for the facility 180 days later, or in mid-July 2020.

37.    However, as noted above there were multiple delays of the commencement of the Project due to factors not caused by or related in any way to issues with Chowns Group LLC's work, including unexpected soil compaction issues and discovery of previously unknown underground storage tanks at the Project site.

38.    As a result of such unexpected Project-commencement delays, Chowns Group LLC was ultimately directed by Grimberg Co. to fabricate and deliver steel during the COVID-19 lockdown from mid-March through April 2020, at a time when the Governor of Pennsylvania had ordered non-essential businesses including construction to cease operations.[1]

39.    As a result, Chowns Group LLC could not require its employees to work at its location in Pennsylvania or to go to the Project site because that would have been in violation of then-applicable law including but not limited to Pennsylvania law and OSHA regulations.

---

[1] Delays on the Project also had been caused by Grimberg Co.'s poor supervision of the work of other subcontractors on the Project.

40.    It was at this time that Grimberg Co. terminated Chowns Group LLC, without valid basis.

41.    Additionally, prior to the time that Chowns Group LLC was wrongfully terminated by Grimberg Co., it became aware of construction defects with regard to the work being performed by Grimberg Co. on the Quantico Project and brought such defects to Grimberg Co.'s attention.

## THE SUBCONTRACT INCORPORATES AISC SPECIFICATION REQUIREMENTS APPROVED BY THE AMERICAN INSTITUTE OF STEEL CONSTRUCTION

42.    The AISC specifications provide the generally applicable requirements for the design and construction of structural steel in buildings.

43.    Prior to 2018, Grimberg Co. issued its request for bids on the Quantico Project which required that the steel work be performed by an AISC certified company.

44.    Chowns Group LLC submitted its bid acknowledging the AISC requirement in order to bid on the work, and, ultimately enter into a subcontract.

45.    The AISC Steel Construction Manual defines the technical specifications that will govern the fabrication and installation of steel members.

46.    Section 16.1-488 to 490 of AISC Manual and the Subcontract require quality control and inspection for buildings. See attached exhibit 2.

47.    Section 16.3-17 to 57 of AISC Manual and the Subcontract require procedures to implement regarding revisions to the work and correction of errors. See exhibit 2.

48.    AISC procedures require processes including approvals before any work may proceed to ensure that the steel meets job specifications.

49.    Grimberg Co. knowingly bypassed the AISC requirements by directing Chowns Group LLC to perform work that did not meet the required AISC specifications.

50.    Grimberg Co. intentionally installed deficient concrete and foundations, and, the ICF wall system which required corrections throughout the entire Quantico Project.

51.    Grimberg Co. directed Chowns Group LLC to provide fixes for elevation errors, missing bearing plates and embeds, and mislocated pockets in the ICF walls which needed to connect to steel or support steel.

52.    The corrections performed at the direction of Grimberg Co. failed to meet industry standards and AISC requirements.

<u>GRIMBERG CO. KNOWINGLY INSTALLED COMPONENTS OF THE BUILDING THAT DID NOT CONFORM TO THE DESIGN AND PLANS SUCH AS THE CONCRETE/FOUNDATION WORK AND THE ICF WALL SYSTEM</u>

53.    When Chowns Group LLC informed the onsite government representative of discrepancies encountered including incorrect elevations and

missing pockets and bearing plates, James Graham contacted Chowns Group LLC and threatened to bar anyone caught talking to the owner from working on the job.

54.    Jerry Elmore instructed Chowns Group LLC to use shims to fill in gaps that exceeded 4 inches which were caused by the errors of Grimberg Co.  The errors were so extensive that Grimberg Co. issued a change order authorizing the purchase of a pallet of shims.

55.    Chowns Group LLC met with Steve Grimberg and Henry Danforth concerning the problems encountered due to the poor workmanship in the work which preceded the installation of steel by Chowns Group LLC.

56.    The combined effects of the non-compliant steel and the improper ICF walls and improper concrete elevations could be catastrophic.

57.    Grimberg Co. contacted the bar joist supplier insisting that the bar joist was not fabricated in accordance with the design and plans. After a month of reviewing this presumed discrepancy, Grimberg Co. realized that the wall was not constructed at the proper elevation. The bar joists were, in fact, built to specification in accordance with the plans and design.

58.    In anticipation of the errors being revealed, Grimberg Co., through Henry Danforth, began a rushed campaign to get the out-of-specification work completed and thereby covered up.

59.     Grimberg Co. demanded additional crews and overtime work in spite of the fact that the errors that were encountered were so extensive that Chowns Group LLC was experiencing delays on a daily basis.

60.     There was no genuine need for additional work forces other than the attempt by Grimberg Co. to conceal the construction defects that existed.

61.     Grimberg Co. terminated Chowns Group LLC because Grimberg Co. was aware that Chowns Group LLC had discovered the construction defects with regard to the work being performed by Grimberg Co. on the Quantico Project, about which Chowns Group LLC notified Grimberg Co. several times, and that Chowns Group LLC intended to disclose such defects to the owner.

62.     Grimberg Co. knew that Chowns Group LLC was a small business, and as a result Grimberg Co. was using financial leverage in an attempt to force Chowns to do work to cover up Grimberg Co.'s or their sub-contractors non-compliant work which was not in accordance with the plans and AISC requirements and regulations.

63.     In a letter dated June 3, 2020 to Soledad P. Credo, Contracting Officer and Supervisory Contract Specialist, Chowns Group LLC via its counsel submitted to the federal government a Statement of Construction Defects which identified construction defects Chowns Group LLC was aware of with regard to Grimberg

Co.'s work on the Quantico Project. A copy of this letter is attached hereto as

Exhibit 3.

64.    The construction defects with regard to Grimberg Co.'s work on the

Quantico Project which the Chowns Group LLC was aware of and reported to the

federal government in the letter are as follows:

- Grimberg Co. failed to perform the work on the Quantico Project in accordance with the plans and specifications and in a good and workmanlike manner. Grimberg chose how the construction will be performed and the methods and techniques utilized to complete the project. Grimberg knew that that its noncompliance with plans and specifications would result in construction defects.

- Based on Grimberg's malfeasance, Chowns Group LLC disclaimed any and all liability as a result of a product failure as it pertains to the structural steel incorporated in Quantico. The construction defects caused by Grimberg may, however, cause a product defect or failure in the steel.

- Chowns Group LLC believes that the construction defects of the finished or partially completed construction will fail to perform as required by applicable contract documents or accepted standards. The effects of the defects may range from poor aesthetics to catastrophic collapse. The most dangerous defects will have the capacity to fail, resulting in physical injury or damage to people or property.

- SECOND FLOOR ELEVATION DEFECT
  The second-floor elevations deviate from plans and specifications and are low in excess of 2 inches. This condition required an additional 80 yards of concrete when the floors were poured. The additional load is a defect that may cause the beams to deflect and fail. And, the connections were not designed to support the additional weight. The tension and shear factors may possibly be compromised.

  Grimberg Co. directed Chowns Group LLC to provide shims to make beam connections where required. At other locations where there were beam

pockets, Grimberg Co. directed Chowns Group LLC to install the beams "as is", without shims, leaving the elevation defect unaddressed.

- BLAST PROOF DESIGN DEFECT
  The second-floor roof elevation defect required every bar joist bearing pad to be shimmed two to three inches in order to make the connection. This condition numbers into the hundreds of locations which required shims rendering the entire roof structure shimmed up off the walls. The uplift of the roof deck is affected due to the gap between the roof deck and the top of the wall. The blast proof design of the building is compromised. A complete survey of all shims is necessary to review and assess the impact of this defect on the design.

- BUILDING OUT OF SQUARE DEFECT
  The angle of the building was constructed with a twelve inch plus error in the columns which required the beams in the front of the building to be shortened. A change in the building design is necessitated as a result of this defect.

- EMBED PLATES MISSING/MIS-LOCATED
  Phillips Steel was hired by Grimberg Co. to add, fix, adjust, and correct the numerous missing and mis-located embed plates. Substantially all of the connections required either a repair or a fix because it was missing. Phillips Steel attached the plates to the face of wall by bolts through the wall. In the performance area, Phillips Steel bolted the plates to the face of the foam. This condition was not corrected.

- As an AISC certified steel fabricator, Chowns Group LLC had a duty to inform the owner and the design professional of the defects and the issues presented. Chowns Group LLC contends that that design of the building has been compromised and Chowns Group LLC was unable to provide any warranty for the structural steel at the time of its communication to the federal government.

65.   Grimberg Co. submitted claims to the federal government for payment for its work on the Quantico Project on or about the 25th of each month beginning

mid-2017, and it is also believed and therefore averred continuing past the date of termination of Chowns Group LLC.

66.    In such claims for payment Grimberg Co. certified that it performed such work in accordance with the plans and specifications and in a good and workmanlike manner, knowing that the work was not performed in accordance with the plans due to their own malfeasance.

67.    Due to the construction defects and their own malfeasance as specified above, Grimberg Co. failed to perform the work on the Quantico Project in accordance with the plans and specifications and in a good and workmanlike manner.

68.    Accordingly, Grimberg Co.'s claims to the federal government for payment for its work on the Quantico Project certifying that it performed such work in accordance with the plans and specifications and in a good and workmanlike manner were false and fraudulent, which Grimberg Co. knew at the time and which were covering up or hiding their own malfeasance.

69.    A balance of $308,780 including approved change orders under the Subcontract is due and owing to Chowns Group LLC per invoices submitted, plus delay damages consisting of direct costs of $361,887 based on a 12-month delay due to soil compaction, site remediation and underground storage tanks, plus the

amount of $64,500 due and owing based on Chowns Group LLC's prior underbilling per estimates.

70.    Grimberg Co. also has failed and refused to pay to Chowns Group LLC the requested amount of $197,674 due for extra work and modifications performed by Chowns Group LLC at Grimberg Co.'s direction, which includes an amount of $27,811 due and owing for overtime.

71.    Grimberg Co. was and is trying to cover up its own malfeasance.

72.    Chowns Group LLC believes and therefore avers that Grimberg Go. still submitted claims for payment for Chowns Group LLC's work and kept the proceeds, refusing to pay Chowns Group LLC.

73.    The total amount due and owing from Grimberg Co. to Chowns Group LLC under the Subcontract is $932,841.00.

74.    Despite demand by Chowns Group LLC, Grimberg Co. has failed and refused to pay to Chowns Group LLC this amount due and outstanding for the labor and materials Chowns Group LLC supplied in accordance with the Subcontract and Grimberg Co.'s direction.

75.    Grimberg Co. also has made communications to third parties that Chowns Group LLC negligently and deficiently performed its steel fabrication and

installation work and other work on the Quantico Project causing damage to the

property of the United States Government.

76.    These fraudulent communications were intentionally made in an effort

to cover up Grimberg's own malfeasance.

77    Such communications are false and caused substantial and significant

damages to the reputation and business of Chowns Group LLC.

**COUNT I**
**VIOLATIONS OF FALSE CLAIMS ACT, 31 U.S.C. § 3729**

78.    The averments set forth above are incorporated herein by reference as

if set forth more fully at length.

79.    It is a violation under 31 U.S.C. § 3729 (a)(1) to knowingly present or

cause to be presented to the United States Government or the Armed Forces of the

United States a false or fraudulent claim for payment or approval, to knowingly

make or use or cause to be made or used a false record or statement to get a false or

fraudulent claim paid by the Government, or conspires to defraud the Government

by getting a false or fraudulent claim allowed or paid for.

80.    On or about the 25th of each month beginning mid-2017  and past the

date of Chowns Group LLC's wrongful termination  Defendant Grimberg Co.

submitted fraudulent and/or false claims to the United States Government and/or

the Armed Forces for payment for its work on the Quantico Project certifying that

such work had been in accordance with the plans and specifications and in a good

and workmanlike manner, where Grimberg Co. knew at the time that due to the

construction defects specified above it had failed to perform such work on the

Quantico Project in accordance with the plans and specifications and in a good and

workmanlike manner.

81.    Each such submission by Grimberg Co. for payment for its work on

the Quantico Project certifying that such work had been in accordance with the

plans and specifications and in a good and workmanlike manner was false and/or

fraudulent in violation of 31 U.S.C. § 3729 (a)(1) due to the construction defects

specified above.

82.    Each such submission by Grimberg Co. for payment for its work on

the Quantico Project certifying that such work had been in accordance with the

plans and specifications and in a good and workmanlike manner was false and/or

fraudulent and constituted a false record or statement to get a false or fraudulent

claim paid by the Government in violation of 31 U.S.C. § 3729 (a)(1), due to the

construction defects specified above.

83.    By each such submission specified above Grimberg Co. and Steven J.

Grimberg, Henry Danforth, James L. Graham, Jerry Elmore conspired to defraud

the Government by getting a false or fraudulent claim allowed or paid for.

84.    Defendant Grimberg Co. and the individual Defendants knowingly

presented or caused to be presented to the Unites States, false or fraudulent claims,

and knowingly failed to disclose material facts, in order to obtain payment or approval under the federally-funded procurement contracts in violation of 31 USC Section 3729(a)(1)(A).

85.    Defendant James Graham threatened to expel and bar Chowns Group LLC's employees from the job site after alerting Naval officials regarding discrepancies in the work of Grimberg Co. and other problems they encountered.

86.    Defendant Jerry Elmore ordered shims to be used to correct elevation issues associated with errors in the walls and foundations.

87.    Defendants Henry Danforth and Steven Grimberg were involved in the cover up with regard to the construction defects specified above in Grimberg Co.'s work on the Quantico Project.

88.    Grimberg Co. intentionally constructed a building that does not meet contract specifications, as detailed in the statement of construction defects referenced above.  Each of these failures will result in significant degradation to the Quantico Project.

89.    Additionally, Grimberg Co. either failed to perform the required quality assurance inspections, or in cases where the inspections are actually performed, falsified results in an effort to hide the fact that the building is deficient.  Grimberg Co. then withheld disclosure of these deficiencies from the Government to support their claims for payment.

90.    Grimberg or others may have been directly involved in completing the "wall" work of PMS. All work performed was deficient.

91.    Defendant Grimberg Co.'s contract requires that in order to bill for services, it must comply with AISC requirements. By submitting claims for payment, Defendants are certifying that Grimberg Co. is in compliance with all terms and conditions of the contract with NAVFAC. By failing to properly inspect and correct the work but certifying that they have done so, Defendants violate the FCA.

92.    As a result of the wrongful conduct set forth above Grimberg Co. and the individual defendants caused substantial and significant losses to the Government, including losses in the total amount of the payments made by the Government based on the false claims submitted by Grimberg Co. and also caused substantial and significant damages to the buildings of the Quantico Project as a result of the construction defects specified above.

WHEREFORE, qui tam relator The Chowns Group, LLC, in the name of the United States Government pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq., including but not limited to Section 3729 (a)(1)(A), (B) and/or (C), demands judgment against the Defendants in the maximum amount allowable by law including but not limited to all civil penalties plus three times the amount of the damages sustained by the Government as well as an award of all attorney's fees

and costs allowable under the law and such other and further damages and relief under the applicable law and in equity as this Court deems just and equitable based on the evidence.

## COUNT II
## UNLAWFUL RETALIATION

93.    The averments set forth above are incorporated herein by reference as if set forth more fully at length.

94.    Chowns Group LLC diligently and properly performed its structural steel work and supplied labor and materials as a subcontractor which was incorporated into the Quantico Project, for the use and benefit of Grimberg Co. and of the owner.

95.    Chowns Group LLC performed in accordance with the Subcontract and met all of its legal and contractual obligations.

96.    On or about April 28, 2020, Grimberg Co. terminated Chowns Group LLC as subcontractor on the Quantico Project without any valid basis.

97.    Grimberg Co. terminated Chowns Group LLC because Grimberg Co. was aware that Chowns Group LLC had discovered the construction defects with regard to the work being performed by Grimberg Co. on the Quantico Project (specified above) which Chowns Group LLC brought to Grimberg Co.'s attention, and that Chowns Group LLC intended to disclose such defects to the owner.

98.     Grimberg Co. terminated Chowns Group LLC's employment as subcontractor on the Quantico Project in retaliation for Chowns Group LLC's lawful acts done in an effort to stop and report Grimberg Co.'s violations of the False Claims Act, as alleged above, in violation of 31 U.S.C. Section 3730(h), and/or 41 U.S.C. Section 4712,

99.     Chowns Group LLC has been significantly damaged as a result of Grimberg Co.'s unlawful termination of Chowns Group LLC in violation of 31 USC Section 3730(h) and/or 41 U.S.C. Section 4712, in retaliation for Chowns Group LLC's lawful efforts to stop and report violations of the False Claims Act.

WHEREFORE, Plaintiff The Chowns Group, LLC demands judgment against Defendant Grimberg Co. for compensatory damages in the amount of two times the sum of all of its actual losses and damages resulting from Grimberg Co.'s unlawful termination, plus interest on the sum of such losses and damages, together with an award of its special damages including litigation costs and reasonable attorney's fees under 31 U.S.C. Section 3730(h) and as otherwise may be allowed under applicable law, and such other and further relief as this Court deems just and equitable based on the evidence.

## COUNT III
## WRONGFUL TERMINATION

100.    The averments set forth above are incorporated herein by reference as if set forth more fully at length.

101.    Chowns Group LLC diligently and properly performed its structural steel work and supplied labor and materials as a subcontractor which was incorporated into the Quantico Project, for the use and benefit of Grimberg Co. and of the owner.

102.    Chowns Group LLC performed in accordance with the Subcontract and met all of its legal and contractual obligations.

103.    On or about April 28, 2020, Grimberg Co. terminated Chowns Group LLC as subcontractor on the Quantico Project without any valid basis.

104.    Grimberg Co. terminated Chowns Group LLC because Grimberg Co. was aware that Chowns Group LLC had discovered the construction defects with regard to the work being performed by Grimberg Co. on the Quantico Project (specified above) which Chowns Group LLC brought to Grimberg Co.'s attention, and that Chowns Group LLC intended to disclose such defects to the owner.

105.    The Chowns Group LLC refused to engage in illegal conduct with Grimberg Co. to defraud the U.S. Government.

106.    Grimberg Co.'s termination of Chowns Group LLC as subcontractor on the Quantico Project without any valid basis was improper under the Subcontract. Grimberg Co.'s termination of Chowns Group LLC as subcontractor on the Quantico Project also was wrongful and in violation of public policy because Grimberg Co. terminated Chowns Group LLC based on its awareness that

23

Chowns Group LLC had discovered the construction defects with regard to the work being performed by Grimberg Co. on the Quantico Project which Chowns Group LLC brought to Grimberg Co.'s attention, and that Chowns Group LLC intended to disclose such defects to the owner, and Chowns Group LLC's refusal to engage in illegal conduct with Grimberg Co. to defraud the U.S. Government.

107.    Such wrongful termination was in retaliation for Chowns Group LLC's intended whistleblowing activity for the benefit of the taxpayers and the Government and to subvert, block, deter and/or punish Chowns Group LLC with regard to such protected and societally-beneficial activity.

108.    Grimberg Co.'s wrongful termination of Chowns Group LLC in violation of public policy was done with malice, spite, ill will, was outrageous, willful and wanton, and evidenced a conscious and reckless disregard for the rights of Chowns Group LLC, which entitles Relator/Plaintiff to an award of punitive damages.

109.    Grimberg Co.'s wrongful termination of Chowns Group LLC in violation of public policy caused and resulted in grievous harm and economic losses and damages to Chowns Group LLC.

WHEREFORE, Plaintiff The Chowns Group, LLC demands judgment against Defendant Grimberg Co. for compensatory damages in the amount to which it is entitled under the Subcontract, in a minimum of $932,841.00, plus

accrued interest and late fees, and an award of punitive damages, together with costs, and attorney's fees as allowed under applicable law, and such other and further relief as this Court deems just and equitable based on the evidence.

## COUNT IV
## COMMERCIAL DEFAMATION

110.   The averments set forth above are incorporated herein by reference as if set forth more fully at length.

111.   Grimberg Co. made communications to third parties that Chowns Group LLC negligently and deficiently performed its steel fabrication and installation work and other work on the Quantico Project causing damage to the property of the United States Government.

112.   All the work performed was done by Grimberg Co.'s directive knowing that the work was not in accordance with the plans caused by their own malfeasance as alleged above

113.   Such communications by Grimberg Co. were knowingly false and nothing but a cover up for its own malfeasance

114.   Such communications by Grimberg Co. caused and resulted in damages to the reputation and business of Chowns Group LLC, and resulted in substantial and significant economic damages and losses.

WHEREFORE, Plaintiff The Chowns Group, LLC demands judgment against Defendant Grimberg Co. for compensatory damages in an amount in

excess of $150,000, together with costs, and attorney's fees as allowed under applicable law, and such other and further relief as this Court deems just and equitable based on the evidence

## COUNT V
## BREACH OF CONTRACT

115.   The averments set forth above are incorporated herein by reference as if set forth more fully at length.

116.   Chowns Group LLC provided labor and materials to Grimberg Co. pursuant to the Subcontract between Chowns Group LLC and Grimberg Co. for the structural steel work on the Quantico Project,

117.   Chowns Group LLC performed its structural steel work and supplied labor and materials as a subcontractor which was incorporated into the Quantico Project, for the use and benefit of Grimberg Co. and of the owner.

118.   Chowns Group LLC performed in accordance with the Subcontract and met all of its legal and contractual obligations.

119.   Chowns Group LLC delivered multiple loads of steel to the Project site, a number of which remained on the trailers for approximately 9 months because of Grimberg Co.'s delays in its schedule and in the foundation walls on which the steel was to be erected.

120. Grimberg Co. would not let Chowns Group LLC unload such trailers with the steel at the Project site, and Chowns Group LLC therefore also had to pay for storage of the delivered steel.

121. Also, Chowns Group LLC was ready to make deliveries of steel to the Project site but was turned away by Grimberg Co. on multiple occasions

122. The Subcontract provided for completion of construction of the school for the Project on January 11, 2020, with completion of the ball field for the facility 180 days later, or in mid-July 2020.

123. However, there were multiple delays of the commencement of the Project due to factors not caused by or related in any way to issues with Chowns Group LLC's work, including unexpected soil compaction issues and discovery of previously unknown underground storage tanks at the Project site.

124. As a result of such unexpected Project-commencement delays, Chowns Group LLC was ultimately directed by Grimberg Co. to fabricate and deliver steel during the COVID-19 lockdown from mid-March through April 2020, at a time when the Governor of Pennsylvania had ordered non-essential businesses including construction to cease operations. [2]

---

[2] Delays on the Project also had been caused by Grimberg Co.'s poor supervision of the work of other subcontractors on the Project.

125.   As a result, Chowns Group LLC could not require its employees to work at its location in Pennsylvania or to go to the Project site because that would have been in violation of then-applicable law including but not limited to Pennsylvania law and OSHA regulations.

126.   It was at this time that Grimberg Co. terminated Chowns Group LLC, without valid basis.

127.   Grimberg Co.'s termination of Chowns Group LLC, without valid basis was in breach and violation of the terms and provisions of the Subcontract, and in an effort to cover up Grimberg Co.'s dereliction of its duties in supervising this project and blaming Chowns Group, LLC for Grimberg Co.'s own malfeasance.

128.   A balance of $308,780 including approved change orders under the Subcontract is due and owing to Chowns Group LLC per invoices submitted, plus delay damages consisting of direct costs of $361,887 based on a 12-month delay due to soil compaction, site remediation and underground storage tanks, plus the amount of $64,500 due and owing based on Chowns Group LLC's prior underbilling per estimates.

129.   Grimberg Co. also has failed and refused to pay to Chowns Group LLC the requested amount of $197,674 due for extra work and modifications

performed by Chowns Group LLC at Grimberg Co.'s direction, which includes an amount of $27,811 due and owing for overtime.

130.   The total amount due and owing from Grimberg Co. to Chowns Group LLC under the Subcontract is $932,841.00.

131.   Despite demand by Chowns Group LLC, Grimberg Co. has failed and refused to pay to Chowns Group LLC this amount due and outstanding for the labor and materials Chowns Group LLC supplied in accordance with the Subcontract and Grimberg Co.'s direction, and for Chowns Group LLC's delay damages.

132.   As a result of the delays under the Subcontract by Grimberg Co., Chowns Group LLC also has suffered additional significant economic damages and losses in the form of delay damages in a minimum amount of $361,887 as alleged above.

WHEREFORE, Plaintiff The Chowns Group, LLC demands judgment against Defendant Grimberg Co. for compensatory damages in the amount to which it is entitled under the Subcontract plus damages for delay in a minimum total amount of $932,841.00, plus accrued interest and late fees, together with costs, and attorney's fees as allowed under applicable law, and such other and further relief as this Court deems just and equitable based on the evidence.

## COUNT VI
## FRAUD

133.   The averments set forth above are incorporated herein by reference as if set forth more fully at length.

134.   Grimberg Co.'s fraudulent misrepresentations to Chowns Group LLC included knowingly false representations that the Quantico Project was ready for Chowns Group LLC's installation of its structural steel fabricated for the Project, including omitting to disclose to Chowns Group LLC intentionally installed deficient concrete and foundations, and the ICF wall system which required corrections, elevation errors, missing bearing plates and embeds, and mislocated pockets in the ICF walls which needed to connect to steel or support steel.

135.   Additionally, Grimberg Co.'s knowingly false and fraudulent claims for payments to the Government certifying it properly performed its work on the Quantico Project in accordance with the plans and specifications and in a good and workmanlike manner not only damaged the Government but also caused and resulted in losses and damages to Chowns Group LLC.

136.   Chowns Group LLC refused to join in such fraudulent and false claims and informed Grimberg Co. that it intended to disclose the construction defects with regard to Grimberg Co.'s work on the Project specified above to the owner.

137. As a result, Grimberg Co. terminated Chowns Group LLC in an effort to cover up Grimberg Co.'s dereliction of its  duties in supervising this project and blaming Chowns Group, LLC for Grimberg Co.'s own malfeasance, and continued its intentional and knowing false representations that it had it properly performed its work on the Quantico Project in accordance with the plans and specifications and in a good and workmanlike manner and falsely represented to the Government and on information and belief others that Chowns Group LLC had negligently performed its structural steel work on the Quantico Project.

138. Grimberg Co.'s ongoing fraudulent representations, omissions and scheme have proximately and directly caused and resulted in significant and severe economic losses and damages to Chowns Group LLC, and also were with malice, spite, ill will, were outrageous, willful and wanton, and evidenced a conscious and reckless disregard for the rights of Chowns Group LLC, which entitles Relator/Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff The Chowns Group, LLC demands judgment against Defendant Grimberg Co. for compensatory damages in an amount in excess of $150,000, together with costs, and attorney's fees as allowed under applicable law, an award of punitive damages, and such other and further relief as this Court deems just and equitable based on the evidence.

Respectfully submitted,

MANDRACCHIA LAW, LLC

Dated:  April 29, 2022          By:_____

Charles D. Mandracchia, Esquire
Jeffrey W. Soderberg, Esquire
PA Attorney I.D. Nos. 52844 & 55369
2024 Cressman Road, P.O. Box 1229
Skippack, PA 19474-1229
610-584-0700 (phone)
610-584-0507 (fax)
cman@mmattorneys.com
jsoderberg@mmattorneys.com
Attorneys for Relator/Plaintiff The Chowns
Group, LLC